UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:11-CR-00005-TBR-LLK

PERCY EDWARD STULL, JR.                                          MOVANT/DEFENDANT

v.

UNITED STATES OF AMERICA                                         RESPONDENT/PLAINTIFF

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Percy Edward Stull, Jr.'s amended Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. [DN 53; 56.] The United States filed a Response, [DN 60], and Stull replied. [DN 61.] The Court referred the matter to Magistrate Judge King for findings of fact, conclusions of law, and recommendations. [DN 57.] The Magistrate Judge issued Findings of Fact and Conclusions of Law and Recommendation, [DN 62,] and Stull filed Objections thereto, [DN 63.] Stull also made a motion for the Court to take judicial notice of the Seventh Circuit case *United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016), *cert. denied*, No. 17-5321, 2017 WL 3184728 (U.S. Oct. 2, 2017), [DN 64], to which the United States did not respond. Fully briefed, these matters are ripe for adjudication. Having reviewed Stull's objections, the Court **ADOPTS** the Magistrate Judge's Findings of Fact and Conclusions of Law and **ADOPTS** the Magistrate Judge's Recommendation that Stull's § 2255 petition be dismissed. For the reasons that follow, Stull's objections are **OVERRULED**. Stull's motion for the Court to take judicial notice is **DENIED AS MOOT.** The Court will enter a separate Order and Judgment consistent with this Memorandum Opinion.

DISCUSSION

Stull, a federal prisoner, pled guilty to various charges brought under 18 U.S.C. § 1470, for attempting to transmit obscene material to a minor, and 18 U.S.C. § 2422, for attempting to coerce or entice a minor to engage in sexual activity. In his § 2255 petition, Stull argues that his crimes of conviction "have, in the wake of *Johnson*, been implicitly invalidated as unconstitutionally vague." [DN 62 at 3 (Magistrate Judge's Report and Recommendation).] In *Johnson v. United States*, the Supreme Court held unconstitutional the "residual clause" of 18 U.S.C. § 924(e)(2)(B) which, in part, defines "violent felony" as a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 135 S. Ct. 2551, 2557–58 (2015) (citing 18 U.S.C. § 924(e)(2)(B)). In doing so, the Court held that the residual clause is unconstitutionally vague. *Id.* at 2557.

In his Report, the Magistrate Judge disagreed that *Johnson* applies to Stull's case. In detail, the Magistrate Judge explained that "the statutes defining the[] crimes [of which Stull was convicted] do not contain a residual clause or imprecise language requiring a finding that some component of the transfer / enticement was 'violent,' [or] involved a 'serious potential risk of physical injury.'" [DN 62 at 3.] The Magistrate Judge also rejected Stull's argument that the Bail Reform Act, which classifies the transfer of obscene material to a minor under § 2422 as a "crime of violence," renders his convictions invalid. [*Id.*] Specifically, 18 U.S.C. § 3156(a)(4)(C) defines "crime of violence" as "any felony under chapter 77, 109A, 110, or 117." 18 U.S.C. § 3156(a)(4)(C). 18 U.S.C. § 2422, one of the statues under which Stull was convicted, is codified in Chapter 117 of Title 18 of the United States Code. 18 U.S.C. § 3156(a)(4)(B) also defines "crime of violence" to include "any other offense that is a felony and that, by its nature, involves

a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 3156(a)(4)(B).

However, the Magistrate Judge explained that, while the residual clause in § 3156(a)(4)(B) may render some provisions requiring the *pretrial detention* of criminal defendants to be invalid under *Johnson*, it does not have any bearing on Stull's judgment and convictions. [*Id.*] In so holding, the Magistrate Judge cited to a case out of the District of Montana which addressed an identical argument. In that case, the defendant, Sharpton, was convicted of accessing child pornography with intent to view it in violation of 18 U.S.C. § 2252A(a)(5)(B), which is codified in Chapter 110 of Title 18. *United States v. Sharpton*, No. CR 10-105, 2016 WL 3661180, at *1 In addressing Sharpton's claim that he was entitled to relief under *Johnson*, the court explained that

> [n]either the offense to which Sharpton pled guilty nor any part of his advisory guideline calculation required the Court to interpret a residual clause or to determine what constitutes a "crime of violence" or "violent felony." The statutes governing pretrial release . . . have no bearing on Sharpton's conviction or sentence.

*Id.* The same reasoning applies here. In this case, Stull pled guilty, in part, to charges under § 2422(b), which reads:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C. § 2422(b). No part of this crime requires the interpretation of a residual clause or the term "crime of violence." [*See id.*] Nor do the sentencing guidelines for crimes under § 2422(b) which the Court considered here require such determinations.

3

In his objections to the Magistrate Judge's report, Stull "claims he was sentenced to a longer prison term than necessary due to language contained in § 3156(a)(4)(C) and, as a result, is overincarcerated." [DN 63 at 3.] However, as the Magistrate Judge explained, § 3156, which is contained in Title 18 Chapter 207 and is entitled "Release and Detention Pending Judicial Proceedings," relates to pretrial detention, not sentencing. Provisions governing pretrial detention do not have any bearing on a defendant's conviction or sentence. Because Stull was not *convicted or sentenced* under any provision requiring the interpretation of a residual clause of the sort held unconstitutional in *Johnson*, Stull's objections on this ground are overruled.

Stull further requests that this Court take judicial notice of a Seventh Circuit decision in which the court determined that 18 U.S.C. § 924(c)(3) was void for vagueness pursuant to *Johnson*. [DN 64.] In *United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016), *cert. denied*, No. 17-5321, 2017 WL 3184728 (U.S. Oct. 2, 2017), the Seventh Circuit held that the residual clause in 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague. There, the "[d]efendants' convictions were under 18 U.S.C. § 924(c), which prohibits use of a firearm during a crime of violence." *Id.* Section 924(c)(3) defines "crime of violence" as:

> [A]n offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The *Cardena* court reasoned that "[s]ubsection (B) is virtually indistinguishable from the clause in *Johnson* that was found to be unconstitutionally vague," and, therefore, was also unconstitutional. *Cardena*, 842 F.3d at 996.

Here, however, § 2422(b), the statute under which Stull was convicted contains no such residual clause or discussion of "crimes of violence," and is therefore distinguishable from *Cardena*. Accordingly, even considering this case, as Stull requests, the Court still finds that Stull is not entitled to relief under §2255. Accordingly, his motion for the Court to take judicial notice of this case is denied as moot.

CONCLUSION

In sum, the Court has "ma[d]e a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). For the reasons set forth above, it is hereby ordered as follows:

(1) Stull's objections, [DN 63], are **OVERRULED** and the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation, [DN 62], are **ADOPTED**.

(2) Stull's motion for the Court to take judicial notice, [DN 64], is **DENIED AS MOOT.**

(3) Stull's § 2255 Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, [DN 53; DN 56], is **DISMISSED** and a certificate of appealability is **DENIED** as to all grounds raised in his petition.

**IT IS SO ORDERED**.

Date:

cc: Counsel

Percy Edward Stull, Jr., *pro se*
13409-033
JESUP
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
2680 HIGHWAY 301 SOUTH
JESUP, GA 31599